UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**LEONEL MIRANDA MARTINEZ**                          **PLAINTIFF**

**v.**                          **CIVIL ACTION NO. 5:21-CV-P50-TBR**

**TOM GORE et al.**                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff, Leonel Miranda Martinez, proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983 action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, Plaintiff's claims will be dismissed in part and allowed to continue in part, and Plaintiff will be allowed to amend his complaint. Additionally, the Court will deny as moot Plaintiff's motion to show cause, for preliminary injunction, and for punitive damages (DN 7), as well as his motion for preliminary injunction/restraining order (DN 8).

### I. SUMMARY OF CLAIMS

Plaintiff, an inmate at the Kentucky State Penitentiary (KSP), names as Defendants Tom Gore, Cookie Crews, Scott Jordan, Daniel Cameron, Marc Manley, Stephen Mitchell, Lauren Massey, William Simpson, Michael Massey, and Bruce Von Dwingelo. All Defendants are sued in their individual and official capacities.

Plaintiff's first claim is that on September 9, 2020, he was convicted of multiple prison disciplinary offenses occurring on the same day resulting in good-time loss, segregation time, administrative control segregation, and phone restriction. He alleges that this was a violation of the Double Jeopardy Clause and the Eighth Amendment.

Second, Plaintiff claims that on December 11, 2020, he was pepper sprayed while he was in restraints, then placed in a restraint chair, and then choked by Defendant Mitchell violating the Eighth Amendment.

Plaintiff's third claim is that on February 12, 2021, he "was stripped out and placed in a cold cell for four days with nothing but paper boxers to wear," with no mat, sheets, blankets, shoes, socks, or any other property. He alleges violations of his Fifth, Eighth, and Fourteenth Amendments.

In his fourth claim, Plaintiff alleges that being placed on administrative control segregation means that he does not have an "out date" from solitary confinement, causing him to suffer from anxiety, depression, panic, paranoia, and bipolar depression in violation of the Eighth Amendment and the Double Jeopardy Clause.

Plaintiff's fifth claim alleges that KSP is withholding legal material/mail from him due to being in segregation in violation of the First, Fifth, and Fourteenth Amendment rights.

Finally, in his sixth claim, Plaintiff alleges that from 2006 until 2021 he has been the victim of excessive prison phone charges.

As relief, Plaintiff asks for monetary and punitive damages, for KSP's legal office to return his legal material, and to be released from segregation.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon

which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Claims under the Double Jeopardy Clause

Plaintiff alleges in his first claim that his Fifth Amendment right to be free from Double Jeopardy has been violated by the multiple disciplinary actions against him and in his fourth claim by placing him in administrative control segregation.

The guarantee against Double Jeopardy protects against a second prosecution for the same offense after a prior acquittal or conviction and against multiple punishments for the same offense. *See Witte v. United States*, 515 U.S. 389, 396 (1995); *United States v. DiFrancesco*, 449 U.S. 117, 129 (1980). These protections govern prosecutions and sentences carried out in state and federal court based on criminal charges. This Court is aware of no authority for the proposition that Double Jeopardy protections apply in any context other than state or federal court proceedings. Therefore, Plaintiff's claims related to alleged Double Jeopardy violations will be dismissed for failure to state a claim upon which relief may be granted.

### B. Eighth Amendment claim related to punishment after disciplinary conviction

Plaintiff's first claim alleges that after he was convicted of multiple offenses on September 9, 2020, he (1) lost good time, (2) was placed in segregation and administrative control segregation, and (3) was not allowed to use the phone in violation of the Eighth Amendment. These claims will be dismissed for failure to state a claim.

3

*1. Claim for lost good time*

Plaintiff's allegation about his lost good time fails to state a § 1983 claim. Under the *Heck* doctrine:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended the application of *Heck* to prison disciplinary proceedings. Later, in *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005), the Supreme Court reemphasized that a "state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration[.]" Therefore, Plaintiff's claims based on lost good time must be dismissed for failure to state a claim upon which relief may be granted.

*2. Segregation claim*

To establish an Eighth Amendment claim, the prisoner must show that he was deprived of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Conditions that are restrictive or even harsh, but are not cruel and unusual under contemporary standards, are not unconstitutional. *Id*. Thus, federal courts may not intervene to remedy conditions that are merely unpleasant or undesirable.

Placement in segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). The Sixth Circuit has held that without a showing that basic human needs were not met, the denial of privileges as a result of administrative segregation cannot establish an Eighth Amendment violation. *See Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011). Thus, the Court finds that Plaintiff fails to state a claim under the Eighth Amendment.

*3. Access-to-phone claim*

Plaintiff also alleges that he was denied access to a phone. However, access to a phone is a privilege, not a basic human need or requirement. As explained above, without a showing that basic human needs were not met, the denial of privileges cannot establish an Eighth Amendment violation. *See Evans*, 427 F. App's at 443; *see also Allen v. Alexsander*, No. 2:16-CV-245, 2017 WL 2952929, at *5 (W.D. Mich. July 11, 2017) ("Although it is clear that Plaintiff was denied phone privileges for 90 days, he does not allege or show that he was denied basic human needs and requirements.").

Additionally, the Court notes that "prisoners have no per se constitutional right to use a telephone." *United States v. Footman*, 215 F.3d 145, 155 (1st Cir. 2000); *see also Valdez v. Rosenbaum*, 302 F.3d 1039, 1047-48 (9th Cir. 2002) (holding that there is no First Amendment right to telephone access; instead there is a First Amendment right to communicate with persons outside of prison walls, and "[u]se of a telephone provides a *means* of exercising this right") (emphasis in original); *see also Betar v. Advance Corr.*, No. 4:17CV-P37-JHM, 2017 WL 2884539, at *6 (W.D. Ky. July 6, 2017). Therefore, Plaintiff's claim based on denial of access to a phone must be dismissed for failure to state a a claim.

### *C. Fifth, Eighth, and Fourteenth Amendment claims related to four-day property restriction*

In his third claim, Plaintiff alleges that in February 2021 while he was in segregation he "was stripped out and placed in a cold cell for four days with nothing but paper boxers to wear," without a mat, sheets, blankets, shoes, socks, or any other property. According to a February 12, 2021, Behavioral Control Form attached to the complaint, on that date. Plaintiff exposed himself to a corrections officer, and for that reason he was put on property restriction.

The Court finds that Plaintiff's claim that he spent four days with nothing but paper boxers to wear in a cold cell with no mat, sheets, blankets, shoes, socks, or other property, standing alone, does not state an Eighth Amendment claim. *See Grissom v. Davis*, 55 F. App'x 756, 757-58 (6th Cir. 2003) (holding that 7-day period where inmate was not given mattress, blanket, or sheets did not deprive her of basic human needs or cause her to suffer serious harm); *Wells v. Jefferson Cty. Sheriff Dep't*, 35 F. App'x 142, 143 (6th Cir. 2002) (finding that sleeping on a mattress on the floor in a cold cell for six days was not a constitutional violation); *Valdes v. Evans*, No. 5:19CV-P4-TBR, 2019 WL 334171, at *5 (W.D. Ky. Jan. 25, 2019) ("A . . . one-week period without a mattress where an inmate does not allege any specific harm from going without it does not give rise to a constitutional violation.").

Plaintiff also fails to state a claim under the Fifth Amendment and Fourteenth Amendments related to these allegations. To the extent that Plaintiff may be alleging that he was denied his property, in order to assert a claim for deprivation of property without due process pursuant to § 1983, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Similarly, the Sixth Circuit has stated, "in section 1983 damage suits claiming the deprivation of a property interest without

procedural due process of law, the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985). The same rationale applies to claims under the Fifth Amendment Takings Clause; that is, no taking has occurred absent a showing that available remedies have been pursued and have failed to provide adequate compensation. *Hudson v. Palmer*, 468 U.S. 517, 539 (1984) (O'Connor, J., concurring). These claims will be dismissed.

### D. Claim related to mail

Plaintiff alleges that KSP withholds legal material/mail from him due to being in segregation in violation of his First, Fifth, and Fourteenth Amendment rights. This is all the complaint says. Exhibit 5 to the complaint adds additional details on this claim. It refers to a personal letter that was "withheld" for eight days; explains that on January 12, Plaintiff mailed 12 items of legal mail but only 5 were mailed out; and states that legal mail he attempted to send on March 5 was not mailed out until March 10.[1] Grievance No. 21-01-157-G, attached to the complaint, shows that the informal resolution of the grievance involving all 12 pieces of mail not being mailed out occurred because additional postage was due.

First Amendment issues are implicated when restrictions are placed upon an inmate's correspondence. *United States v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984). However, not all violations regarding mail rise to the level of a constitutional violation. "An isolated incident of interference with mail in a prison setting does not state a claim that rises to the level of constitutional magnitude actionable under § 1983." *Lloyd v. Herrington*, No. 4:11CV-P128-M, 2011 WL 6026661, at *2 (W.D. Ky. Dec. 2, 2011); *see also Okoro v. Scibana*, 63 F. App'x 182,

---

[1] The Court notes that March 5, 2021, was a Friday.

184 (6th Cir. 2003) ("Such a random and isolated incident [of mail interference] is insufficient to establish a constitutional violation."); *Pearson v. Simms*, 345 F. Supp. 2d 515, 519 (D. Md. 2003) ("[O]ccasional incidents of delay or non-delivery of mail do not rise to a constitutional level.").

Here, Plaintiff at most has alleged an eight-day delay in receiving a personal letter; a five-day delay in mailing out five items of legal mail, which according to the attachment to the complaint occurred because of inadequate postage; and another delay of five days for an item of legal mail. Reading Plaintiff's complaint liberally, he has alleged three short delays in sending or receiving mail over a three-month period. Such isolated instances are insufficient to state a First Amendment claim related to his mail, especially given that one of the delays appears to be due to inadequate postage. *See Lloyd*, 2001 WL 6026661 at *2 ("Even if the Court interprets Plaintiff's complaint as alleging two instances of interference with his mail-one of the outgoing motion and one of his incoming piece of legal mail-the Court still finds that the two incidences taken together do not rise to a constitutional violation."); *see also Odom v. Pheral*, No. 5:12CV-P73-R, 2013 WL 1703868, at *8 (W.D. Ky. Apr. 19, 2013) ("Plaintiff's allegations regarding mail being refused and returned to him to complete an administrative task prior to mailing do not rise to the level of a constitutional violation."); *Musquez v. Sepulveda*, No. C 07-5966 VRW, 2008 WL 2811503, at *1 (N.D. Cal. July 17, 2008) ("[T]hese few instances of lost mail do not amount to more than isolated incidents insufficient to state a First Amendment claim of mail interference."). Consequently, the Court will dismiss Plaintiff's First Amendment claim related to his mail.

Additionally, for the reasons stated in subsection C above, Plaintiff fails to state a Fifth or Fourteenth Amendment claim related to his mail.

*E. Claim related to phone charges*

Plaintiff alleges that while in prison from 2006 until now he has been charged excessively for phone use. In Grievance No. 21-02-127 attached to the complaint Plaintiff stated that he has been a victim of excessive phone charges. He stated that Defendants Jordan, the Warden of KSP, and Gore, the owner of the prison phone service JPay, conspired to "engage in intentional exploitation and over pricing their services." He further stated, "You are charging me phone fees for a 15 min. phone call and only get to talk 10 min."

Incarcerated prisoners retain First Amendment rights, but those rights necessarily are circumscribed because of the legitimate penological and administrative interests of the prison system. *See Turner v. Safley*, 482 U.S. 78, 89 (1987). It is beyond dispute that "prisoners are [not] entitled to a specific rate for their telephone calls." *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam), *overruled on other grounds*, 543 U.S. 499 (2005); *Smith v. Bradley*, No. 94-5351, 1995 WL 241996, at *3 (6th Cir. 1995) (per curiam) (noting that "merely replacing a collect-call telephone system with a direct-dial system does not alone implicate inmates' First Amendment rights"); *Woods v. Carey*, No. CIV-S050049-MCEDADP, 2005 WL 3436366, at *2 (E.D. Cal. Dec. 14, 2005) (dismissing plaintiff's claim that prison conspired with telephone company to overcharge prisoners for long distance telephone calls pursuant to § 1915A for failure to state a claim). The Court concludes that Plaintiff fails to state a § 1983 claim related to alleged excessive phone charges.

*F. Remaining claims*

On review, the Court will allow to continue Plaintiff's Eighth Amendment excessive-force claim based on his allegations that on December 11, 2020, he was pepper sprayed while he was in restraints, then placed in a restraint chair, and then choked by Defendant Mitchell.

However, this claim will only be allowed to continue against Defendant Mitchell in his individual capacity. Plaintiff's only claims for relief related to this claim are for monetary and punitive damages. Plaintiff cannot recover either of these types of relief from Defendant Mitchell, a KSP employee, in his official capacity. *Brown v. Ky. State Penitentiary*, No. 5:10-CV-P188-R, 2010 WL 4638764, at *2 (W.D. Ky. Nov. 5, 2010) (finding that KSP employees sued "in their official capacity are immune from monetary damages under the Eleventh Amendment" ) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *see also Smither v. Vonckx*, No. 4:14-CV-P121-JHM, 2015 WL 1259119, at *2 (W.D. Ky. Mar. 18, 2015) ("[The Courts lacks subject-matter jurisdiction over Plaintiff's claims for punitive damages against . . . a state official[] in his official capacity by operation of the Eleventh Amendment[.]").

Additionally, the Court will allow Plaintiff to amend his complaint to name who he alleges placed him on administrative control segregation for an indefinite period of time causing him to suffer from anxiety, depression, panic, paranoia, and bipolar depression in violation of the Eighth Amendment. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act].").

### III. MOTIONS FOR PRELIMINARY INJUNCTION AND TRO

Also before the Court are Plaintiff's motion to show cause, for preliminary injunction, and for punitive damages (DN 7), as well as his motion for preliminary injunction/restraining order (DN 8).

Plaintiff's motion for preliminary injunction (DN 7) asks the Court to rule that KSP's Administrative Control violates federal and state constitutions' Double Jeopardy Clause. His

motion for preliminary injunction/restraining order (DN 8) asks for a restraining order for the KSP mailroom to stop withholding his personal and legal mail.

Because both Plaintiff's Double Jeopardy claims and mail claims will be dismissed on initial review, the Court will deny these motions as moot.

### IV. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims under the Double Jeopardy Clause; his Eighth Amendment claim related to punishment after a disciplinary conviction; his Fifth, Eighth, and Fourteenth Amendment claims related to a four-day property restriction; his claim related to his mail; and his claim related to phone charges are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and the official-capacity claims against Defendant Stephen Mitchell are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2) for seeking relief from a defendant who is immune from such relief.

The Clerk of Court is **DIRECTED** to terminate all Defendants except Defendant Stephen Mitchell.

**IT IS FURTHER ORDERED** that **within 30 days** from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint to name as Defendant(s) in their individual capacities any person(s) who he alleges placed him on administrative control segregation for an indefinite period of time causing him to suffer from anxiety, depression, panic, paranoia, and bipolar depression in violation of the Eighth Amendment.

The Clerk of Court is **DIRECTED** to place the instant case number and "Amended" on a § 1983 complaint form and send it, along with four blank summons forms, to Plaintiff for his use should he wish to amend the complaint.

Plaintiff is **WARNED** that failure to amend his complaint as instructed within the 30-day period will result in dismissal of that claim for the reasons set forth in this Memorandum Opinion and Order.

Once the 30-day period has passed, the Court will enter a Service and Scheduling Order to govern the development of the continuing claims.

Additionally,

**IT IS ORDERED** that Plaintiff's motions (DNs 7 and 8) are **DENIED as moot**.

Date: June 2, 2021

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
　　Defendants
　　General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.009