**UNITES STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**LEONEL MIRANDA MARTINEZ**                                                           **PLAINTIFF**

v.                                                         **CIVIL ACTION NO. 5:21-CV-P50-TBR**

**TOM GORE et al.**                                                                 **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

    *Pro se* Plaintiff Leonel Miranda Martinez has filed a motion to supplement (DN 74).  He alleges that since filing the complaint, he has been the "victim of harassment and threats, false imprismen, denial of prison jobs, denial access to the legal office, to do legal work."  The motion declares that Kentucky State Penitentiary (KSP) employees Jill Robertson, Stephanie Chowning, Travis Bradly, and Lauren Massey "are amended," which the Court presumes means that Plaintiff wishes to add these individuals as Defendants in this action.

    Plaintiff further alleges that Defendant Lisa Crick "has conspiracy with every other officials to violated the plaintiff legal rights, by fired the plaintiff from his job the plaintiff is require to be lock down for 22 hours a day 7 days a week."  This apparently means that, because KSP "intentionally wait[s] until 11-30 pm to open the legal office," Plaintiff is denied access to do legal work and researchs, because KSP locked unassigned prisoners at 11 45 pm."  He also complains that the same response to an April grievance appeal as to a March grievance appeal was given to him.  Plaintiff further alleges that Hispanics are not allowed to go to the yard in the evening.

    Rule 15(d) of the Federal Rules of Civil Procedure governs the submission of supplemental pleadings.  This Rule provides that upon the motion of a party, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction,

occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Supreme Court has ruled that "Rule 15(d) . . . plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added if necessary." *Griffin v. Cty. Sch. Bd. of Prince Edward Cty.*, 377 U.S. 218, 227 (1964) (footnote omitted). The standard for granting leave to supplement under Rule 15(d) is the same as the standard governing leave to amend under Rule 15(a)(2). *Spies v. Voinovich*, 48 F. App'x 520, 527 (6th Cir. 2002). Ultimately, however, "[t]he decision of whether to permit a supplemental pleading is within this Court's discretion." *Pew v. Harris*, No. 3:12-CV-1984, 2016 WL 4487906, at *2 (M.D. Pa. May 4, 2016), *report and recommendation adopted*, No. 3:12-CV-1984, 2016 WL 4449639 (M.D. Pa. Aug. 24, 2016) (citing *Owens-Illinois, Inc. v. Lake Shore Land Co.*, 610 F.2d 1185, 1188-89 (3d Cir. 1979); *Burns v. Exxon Corp.*, 158 F.3d 336, 344 (5th Cir. 1998) (holding that district court did not abuse its discretion in denying leave to file supplemental complaint)).

      The claims which Plaintiff seeks to supplement the complaint in this action raise wholly new legal theories than those at issue. Currently, the claims in this case are alleged excessive-force, alleged deliberate indifference to a serious medical need, and alleged unconstitutional placement in segregation. Because the Court's exercise of its discretion under Rule 15(d) must be guided by the animating principle behind this Rule which is "to make pleadings a means to achieve an orderly and fair administration of justice," *Griffin v. Cty. Sch. Bd. of Prince Edward Cty.*, 377 U.S. at 227, a court may deny a motion to supplement where it contains "a new legal theory, not just events that occurred after the complaint." *Koukios v. Ganson*, No. 99-4060, 2000 WL 1175499, at *2 (6th Cir. Aug. 11, 2000). The Court finds that the motion to supplement should be denied because it seeks to introduce completely new claims.

In addition, leave to supplement may be denied if it would be fairer and more orderly for the plaintiff to raise the new claim(s) in another lawsuit. *See Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1229 (11th Cir. 2008). "This is especially true where, as here, the parties have essentially completed discovery on the original claims and spent considerable time and effort in briefing summary judgment on the issues presented in the case." *Cooper v. Bower*, No. 5:15-CV-P249-TBR, 2017 WL 3389521, at *2 (W.D. Ky. Aug. 4, 2017). Here, the discovery time has expired, although Plaintiff has filed motions to compel for which the Court is awaiting Defendants' responses. Defendant Homes has filed a motion for summary judgment, and the other Defendants have indicated that they will be filing a motion for summary judgment imminently. Plaintiff now seeks to add four Defendants who are not parties to this action currently.[1] The addition of new Defendants would necessitate service of process on the new Defendants, another discovery period, and another period of time for filing dispositive motions.

Therefore, since the Court must always "apply Rule 15(d) in a manner aimed at securing the just, speedy, and inexpensive determination of every action," *Id*. at *12 (internal quotation marks and citation omitted), the Court concludes that Plaintiff's motion to supplement must be denied for this reason as well. Accordingly,

**IT IS ORDERED** that Plaintiff's motion (DN 74) is **DENIED**.

Date: June 3, 2022

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc:   Plaintiff, *pro se*
      Counsel of record
4413.009

---

[1] Lauren Massey, who was originally a Defendant in this action, was terminated as a Defendant on initial review. Robertson, Chowning, and Bradly would be entirely new Defendants.