**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:21-CV-00050-TBR**

**LEONEL MIRANDA MARTINEZ**                                                      **PLAINTIFF**

v.

**TOM GORE,** *et al.*                                                                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

There are a multitude of pending motions before the Court. First, Defendant Jackie Holmes's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. [DN 61]. Which Plaintiff responded, [DN 65], and Defendant replied. [DN 67]. Second, Defendants Stephan Mitchell, Scott Jordan, William Simpson, Michael Massey, Kieryn Fannin, Fredrick Rogers, Lisa Crick, Shasha Primozich and Kathy Hearrin's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. [DN 88]. Plaintiff failed to respond. Plaintiff has, however, filed a variety of motions including motions to compel, [DN 48, DN 58, DN 60, DN 70, DN 73, DN 90], a motion for the Court to rule on previous motions, [DN 72], a Motion for Preliminary Injunction, [DN 78], and a Motion to Show Cause, [DN 80].

For the following reasons, Defendants' Motions for Summary Judgment are **GRANTED**. [DN 61, DN 88]. Accordingly, Plaintiff's Motions are **DENIED AS MOOT**. [DN 48; DN 58; DN 60; DN 70; DN 72; DN 73; DN 78, DN 80, DN 90].

**I.     Background**

Plaintiff Leonel Miranda Martinez brought this civil action under 42 U.S.C. § 1983 concerning incidents that occurred while he was incarcerated in the Kentucky State Penitentiary (KSP) in Eddyville, Kentucky. [DN 1]. After the Court's initial review of the complaint pursuant to 28 U.S.C. § 1915A, the only remaining claim was an Eighth Amendment excessive force claim

1

against Defendant Stephan Mitchell in his individual capacity. [DN 14]. Martinez then filed an amended complaint with claims against additional defendants. [DN 16]. Upon review of Martinez's amended complaint, the Court added Defendants Scott Jordan, William Simpson, Michael Massey, Kieryn Fannin, Frederick Rodgers, Lisa Crick, Sasha Primozich, Kathy Henrrin, and Nurse Jackie Holmes in their individual capacities to this action. [DN 20]. Now all Defendants move for summary judgment for all remaining claims. [DN 61, DN 88].

## II.   Legal Standard

To grant a motion for summary judgment, the Court must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

In reviewing a motion for summary judgment, the Court must review the evidence in the light most favorable to the non-moving party; however, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-moving party must present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence ... of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in

support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. Ultimately, if the record, taken as a whole, could not lead the trier of fact to find for the nonmoving party, then there is no genuine issue of material fact and summary judgment is appropriate. *Matsushita Elec.*, 475 U.S. at 587 (citation omitted).

### III.   Discussion

The Prison Litigation Reform Act of 1995 ("PLRA") requires a prisoner to exhaust all available administrative remedies before filing any action "with respect to prison conditions" under 42 U.S.C. § 1983 or any other federal law. 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *accord Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999). Exhaustion is mandatory and the remedies provided "need not meet federal standards, nor must they be 'plain, speedy, or effective.'" *Porter*, 534 U.S. at 524 (quoting *Booth v. Churner*, 532 U.S. 731, 739 (2001)). "Proper exhaustion demands compliance with [the prison's] deadlines and other critical procedural rules," *Woodford v. Ngo*, 548 U.S. 81, 90 (2006), and so "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion," *Jones v. Bock*, 549 U.S. 199, 218 (2007); *accord Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015).

Notably, "[t]here is no uniform federal exhaustion standard." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (citing *Jones*, 549 U.S. at 217–19). Instead, "[a] prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution." *Id.* The Inmate Grievance Procedure of KSP, where Plaintiff was housed at the time of the incident, is contained within the Kentucky Corrections Policies and Procedures (CPP)

manual. [DN 88-1]. To comply with this grievance procedure, an inmate must complete a written grievance form and submit it to the prison's Grievance Coordinator within five business days of the incident. Ky. CPP 14.6(J)(1)(a)(1–2). Once filed, an informal resolution process takes place, in which the Grievance Coordinator and others conduct an inquiry and attempt to informally resolve the grievance. *Id.* at 14.6(J)(1)(b). If the inmate is not satisfied with the informal resolution, he or she may seek a Grievance Committee hearing. *Id.* The Grievance Committee's decision can be appealed to the Warden. *Id.* at 14.6(J)(2)(j). If the inmate is still unsatisfied with the outcome, he may appeal the Warden's decision to the Commissioner. *Id.* at 14.6(J)(3)(c).

In both motions for summary judgment, Defendants argue that Martinez failed to exhaust his administrative remedies barring his claims. [DN 61, DN 88]. The Court will review Martinez's exhaustion, or lack thereof, for each remaining claim.

### A. Defendant Nurse Jackie Holmes

After the Court's initial review of Martinez's amended complaint, the only remaining claim against Holmes is an Eighth Amendment claim for allegedly denying him his medication. [DN 19]. Upon review of the record, Plaintiff has failed to provide any evidence that he satisfied the grievance procedure required by the CPP. Plaintiff did not provide the Court with a copy of a grievance form for this issue, nor has he indicated that one exists. Further, in his response to Holmes's motion, Martinez failed to refute Holmes's argument that he did not satisfy his exhaustion requirements. [DN 65]. The exhaustion requirements are just that—required. They are an "absolute 'prerequisite' for a prisoner intending to sue in federal court." *Valdes v. Evans*, No. 20-6095, 2021 WL 7627520 (6th Cir. Oct. 29, 2021) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). Given that Martinez has failed to provide any evidence that he filed a grievance regarding the alleged incident with Holmes, there is insufficient evidence for a jury to find that he satisfied

4

his required administrative remedies. Accordingly, Defendant Holmes motion for summary judgment is granted.

### B. Defendant Stephan Mitchell

Martinez's claim against Mitchell is an Eighth Amendment excessive force claim. [DN 14]. Martinez alleges that Mitchell pepper sprayed him while he was handcuffed, placed him in a restraint chair, and then proceeded to choke him, [DN 1]. However, Plaintiff again failed to provide the Court with any evidence that he completed a grievance form for the incident alleged. Since the commencement of this action, Martinez has provided the Court with a plethora of his formerly filed grievances, none of which mention Mitchell or a pepper spray incident. [*See* DN 11; DN 23]. Instead, Martinez filed with the Court a copy of a disciplinary report—which he claims is a "false report"—stating that he was ordered "to back up to the cell door so he could be placed in restraints. … Martinez refused the orders given and OC pepper spray was utilized." [DN 16-1]. Based on Plaintiff's prior grievance submissions, he is clearly aware of the grievance procedure at KSP, yet no such grievance was filed for this incident. In further support of his argument Defendant Mitchell provided the Court with an affidavit from the Grievance Coordinator stating that "Martinez did not file a grievance regarding his allegation that on December 11, 2020, he was pepper sprayed while was in restraints, then placed in a restraint chair, and then chocked by Defendant Mitchell. [DN 88-2].

In prison civil rights litigation, when defendants "move for summary judgment on administrative exhaustion grounds, they must prove that no reasonable jury could find that the plaintiff exhausted his administrative remedies." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017); *see also Does 8-10 v. Snyder*, 945 F.3d 951, 961 (6th Cir. 2019). Meaning that "summary judgment is appropriate only if defendants establish the absence of a 'genuine dispute as to any

5

material fact' regarding non-exhaustion." *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011). By failing to respond to the motion for summary judgment, Plaintiff has wholly failed to refute Defendants' argument that Martinez did not exhaust his administrative remedies. Further, Martinez has failed to provide any evidence that he filed a grievance related to the issues at hand. *See Valdes v. Evans*, No. 20-6095, 2021 WL 7627520 at *3 (6th Cir. Oct. 29, 2021). Accordingly, Defendant Mitchell's motion for summary judgment is granted.

### C. Defendants Scott Jordan, William Simpson, Michael Massey, Kieryn Fannin, Frederick Rodgers, Lisa Crick, Sasha Primozich, and Kathy Hearrin

Martinez's final remaining claim is for his placement on Administrative Control Status and the alleged anxiety, depression, panic paranoia, and bi-polar depression caused from prolonged segregation. [DN 16-4]. Defendants argue that Martinez failed to exhaust his administrative requirements regarding his Administrative Control Status. [DN 88]. In support of this argument, they provide an affidavit from Kieryn Fannin, the Division Director for the Population Management Division/Classification Branch of the Kentucky Department of Corrections. [DN 88-3]. Fannin's affidavit explains the Administrative Control Status, Martinez's placement, and the exhaustion requirements. *Id.* Classification decisions—such as placement on Administrative Control Status—are appealable under CPP 18.1(II)(M). To satisfy the exhaustion requirements, "an inmate may appeal any classification action to the Warden or his designee within five (5) working days of the action." Ky. CPP 18.1(II)(M)(1). The Warden will respond to the appeal and "[i]f the inmate is not satisfied with the response from the Warden or his designee, the inmate may request in writing to the Director of Population Management or designee that his case be reviewed." *Id.* at 18.1(II)(M)(2).

In another case in this district, an inmate attempted to grieve his classification under CPP 14.6, but his issue was deemed "non-grievable" because he used the wrong procedure. *Carpenter v. Strough*, No. 3:20-CV-179, 2021 WL 5625406 at *5 (W.D. Ky. Nov. 30, 2021). The court stated that although "most inmate grievances regarding prison life must be pursued in accordance with the procedure set forth in CPP 14.6 … CPP 18.1 provides an independent appeal and review mechanism." *Id.* Accordingly, failure to comply with CPP 18.1 for classification issues results in a failure to exhaust administrative remedies. *Id.*; *see also Haun v. Erwin*, No. 4:16-CV-P43, 2018 WL 1324160, at *2 (W.D. Ky. March 14, 2018); *Hightower v. Thompson*, No. 0:15-93, 2016 WL 5422061, at *3 (E.D. Ky. Sept. 27, 2016).

Martinez has provided no evidence that he appealed his classification to the Warden, that the Warden rejected his appeal, or that he appealed the Warden's decision to the Director of Population Management. Nor has Martinez stated that he attempted to grieve this issue under the standard procedures set forth in CPP 14.6. Conversely Fannin testifies in his affidavit that he—the Director of Population Management—did not receive an appeal from Martinez regarding his placement on Administrative Control Status. [DN 88-3]. To properly exhaust his administrative requirements, Martinez must comply with CPP 18.1 which sets forth the appeals process for classification issues. Since Martinez has provided no such evidence and has again wholly failed to refute the Defendants' arguments that he did not satisfy these requirements, the Court must grant Defendants' motion for summary judgment and dismiss this case without prejudice. *See Dykes v. Fuller*, No. 19-2243, 2020 WL 6257023 (6th Cir. July 10, 2020). Defendants' remaining arguments, though well founded, will not be addressed at this time.

### IV. Conclusion

For the reasons stated above, **IT IS HEREBY ORDERED**:

1. Defendant Jackie Holmes's Motion for Summary Judgment is **GRANTED**. [DN 61].

2. Defendants Stephan Mitchell, Scott Jordan, William Simpson, Michael Massey, Kieryn Fannin, Fredrick Rogers, Lisa Crick, Shasha Primozich and Kathy Hearrin's Motion for Summary Judgment is **GRANTED**. [DN 88].

3. Plaintiff's remaining motions are **DENIED AS MOOT**. [DN 48, DN 58, DN 60, DN 70, DN 72, DN 73, DN 78, DN 80, DN 90].

4. The Clerk of Court is **DIRECTED** to **DISMISS** the case **without prejudice**.

**IT IS SO ORDERED**.

Thomas B. Russell, Senior Judge
United States District Court

June 30, 2022

cc: Counsel

**Leonel Miranda Martinez**, *pro se*
216925
KENTUCKY STATE PENITENTIARY
266 Water Street
Eddyville, KY 42038